UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

ROBERT W. JOHNSON,

      Plaintiff,

v.                                        Case No. 1:19cv251-S-K

CHIEF U.S. DISTRICT JUDGE
KRISTI K. DUBOSE, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

On May 28, 2019, Plaintiff Robert W. Johnson, who resides in Bronx, New York, and is proceeding *pro se* and *in forma* pauperis, filed this action stemming from a motor vehicle accident that occurred in Buffalo, New York. *See* ECF Doc. 1. On August 22, 2019, the undersigned entered an amend order (ECF Doc. 5) noting, based on a review of the complaint, that the facts as presented fail to support either the existence of subject-matter jurisdiction or plaintiff's choice of venue, and also fail to state a claim on which relief may be granted. The undersigned further noted plaintiff has sued two judicial defendants, both of whom are entitled to absolute immunity under the facts pled. Nevertheless, rather than recommend dismissal of the matter, the undersigned explained these deficiencies and allowed

plaintiff an opportunity to cure the deficiencies by filing an amended complaint within thirty (30) days of the date of the order.

Instead of preparing an amended complaint, plaintiff filed "Objections to Judges Order & Notice of Appeal" (ECF Doc. 6) in which plaintiff requested that the court "set aside a date on the calendar for a hearing for Plaintiff's Objections to Judges ORDER & Notice of Appeal." Plaintiff also set forth various matters to which he objected or which he purported to appeal, despite the amend order's nature as a non-final, thus non-appealable, order. *See, e.g., Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) (noting the Eleventh Circuit Court of Appeals "usually cannot hear appeals from non-final orders" and that " [s]ince only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment") (internal marks omitted).

On September 12, 2019, the district judge entered an Order Upholding the Magistrate Judge's Order to Amend (ECF Doc. 7). The district judge denied Plaintiff's objections to the August 22 order and allowed plaintiff twenty (20) days to comply with the August 22 order by filing either a notice of voluntary dismissal or an amended complaint. The district judge directed the clerk to return the matter to the undersigned for further proceedings.

After more than twenty (20) days passed and plaintiff had failed to comply with the district judge's order, the undersigned, rather than recommending dismissal, entered an order (ECF Doc. 8) allowing plaintiff ten (10) days in which to show cause why the matter should not be dismissed for failure to prosecute and/or failure to comply with an order of the court. But, characteristically, rather than comply with the order, Plaintiff filed a Notice of Appeal (ECF No. 9), again requesting the court to "set a date & time on the calendar to have a hearing for Plaintiff's Notice of Appeal" and setting forth various matters he appeals—despite the fact the show cause order is a non-final, thus non-appealable, order.

In sum, plaintiff has twice been afforded an opportunity to file either a notice of voluntary dismissal or an amended complaint. And twice he has failed to do so. Initially, the undersigned's amend order explained in some detail the deficiencies in the complaint. He then was directed to show cause why the matter should not be dismissed. Rather than comply with the show cause order, plaintiff filed a second notice of appeal from a non-appealable order. Plainly, plaintiff has been afforded ample opportunity to take another shot at prosecuting this action, despite the seemingly fatal deficiencies in the initial complaint, yet he has failed and refused to do so. The alternatives available to the court are now exceedingly restricted.

Accordingly, it is respectfully RECOMMENDED:

1.     That this matter be dismissed WITHOUT PREJUDICE for plaintiff's

failure to prosecute and/or failure comply with an order of the court.

2.     That the clerk be directed to close the file.

At Pensacola, Florida, this 5th day of November, 2019.


_/s/_ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.


Case No. 1:19cv251-S-K